IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROY BROWN HOWARD | § | |
| v. | § | CIVIL ACTION NO. 9:11cv148 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Roy Howard, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Howard received disciplinary cases no .20110251242, for threatening an officer, and 20110251369, for refusing to obey an order. These cases were given in connection with an incident in which Brown was ordered on May 4, 2011, to give up his jacket, one day before the jackets were supposed to be picked up, and he refused. The next day, at 6:30 a.m., a cell search of Howard's cell was conducted. The officers alleged that Howard "used the F-word" and "laced up his boots in an aggressive manner," but Howard contends that he did not do any of this. The order which Howard was alleged to have refused was an order to submit to a strip search and hand restraints.

In his petition, Howard argued that the disciplinary cases were false, he was denied the right to attend the hearing, he was not allowed to call witnesses, he was the victim of retaliation, excessive force was used on him, and the video did not show him at all times. The Respondent answered the

1

petition and stated that Howard failed to exhaust his administrative remedies with regard to case no. 369 and that the claims concerning case no. 242 were without merit.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. After determining that Howard had failed to exhaust his administrative remedies concerning case no. 369, the Magistrate Judge stated that the finding that Howard had refused to attend the hearing was supported by some evidence, there was no evidence beyond Howard's unsubstantiated statement that he had been denied the right to attend the hearing when he had wanted to go, there was sufficient evidence to support the finding of guilt, Howard's claim that the disciplinary case was "false" did not set out a valid basis for habeas corpus relief, Howard did not show that the allegedly adverse actions were taken against him in retaliation for the exercise of a constitutionally protected right, his claim of excessive force was not cognizable in a habeas corpus proceeding, and the fact that the video did not show him at all times did not state a valid claim for habeas corpus relief even if it represented a violation of TDCJ rules. The Magistrate Judge also recommended that Howard be denied a certificate of appealability *sua sponte*.

In his objections to the Magistrate Judge's Report, Howard says first that the charging officer lied on the offense report and that he had two witnesses, Officer Williams and Officer Rodgers, but neither of these persons was contacted for testimony. As the Magistrate Judge explained, there was sufficient evidence to support the finding of guilty, and Howard's assertion that the charging officer "lied" is not itself a basis for habeas corpus relief. Even if the disciplinary hearing officer made a mistake by believing the testimony of the charging officer, this does not show that Howard was denied due process. This objection is without merit.

The state administrative records show, and Howard acknowledges, that he refused to talk to his counsel substitute when she came to discuss the case with him; he explains in his objections that "I refused to make a statement or sign without consulting warden or major." As a result, the pre-hearing investigation worksheet shows that Howard did not request that any witnesses be called.

2

Furthermore, Howard offers nothing to show that the testimony of these officers would have been favorable to him had they testified. His objection on this point is without merit.

Third, Howard says that Ms. Self, his counsel substitute, lied when she said that she came to him for the hearing and he refused to go. Instead, he says, he refused to make a statement or sign the disciplinary case. The answer to Howard's Step One grievance notes that he did not attend the hearing because of his "uncooperative behavior." As the Magistrate Judge concluded, the finding that Howard refused to attend the hearing is supported by some evidence, and Howard offers only the bald assertion, unsupported and unsubstantiated by anything else in the record, that he wanted to attend the hearing but was not allowed to. Such bald assertions lack probative evidentiary value. Ross v. Estelle, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983). This objection is without merit.

Howard argues that "you can't legally accuse an inmate of a case which he did not commit in TDCJ, it is not policy." The legal issue is whether there is some evidence to support the charge, and ample evidence existed to support the charge in this case. The federal court cannot retry the disciplinary case and substitute its own credibility determinations for those of the hearing officer. Smith v. Rabelais, 659 F.2d 539, 545 (5th Cir. 1981); *see also* Hudson v. Johnson, 242 F.3d 534, 536-37 (5th Cir. 2001). His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 21) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Roy Howard is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** on March 8, 2013.

_____
Ron Clark
United States District Judge